IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN B.,[1]

          Plaintiff,

     v.

NANCY A. BERRYHILL,
Acting Commissioner, Social
Security Administration,

          Defendant.

No. 3:14-cv-00866-MC

**ORDER ON FEES**

**MCSHANE, Judge:**

      Plaintiff moves the Court pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees. Pl.'s Br. 1, ECF No. 27. Plaintiff's attorney, Richard Sly, seeks fees totaling $37,112. Pl.'s Br. 1. The Commissioner of Social Security ("Commissioner") opposes the motion, contending that the requested fee would be an unreasonable windfall for Mr. Sly, though makes no effort to suggest an alternative figure. *See* Gov't Resp. Br. 2, ECF No. 32. Because Mr. Sly successfully pursued the claims of both Plaintiff and his minor dependent children over the course of nine years and continues to represent Plaintiff without compensation as he appeals deductions from his award of past-due benefits, the requested fee is reasonable and Plaintiff's motion is GRANTED.

**STANDARD**

      After entering judgment in favor of a social security claimant, a court may award the claimant's counsel a "reasonable fee." 42 U.S.C. § 406(b)(1)(A). The fee is to be paid by the

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – ORDER ON FEES

claimant out of his or her past-due benefits. *Id.* Although Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set," *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), it caps any fee award at "twenty-five percent of the [claimant's] past-due benefits," 42 U.S.C. § 406(b)(1)(A). In addition, to the extent a contingent-fee arrangement would yield an unreasonable result, the court must apply a downward variance. *Gisbrecht*, 535 U.S. at 807. To determine whether a requested fee is reasonable, courts examine four non-exhaustive factors: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the fee would be disproportionate to "the time spent on the case" and produce a "windfall" for the attorney. *Crawford v. Astrue*, 586 F.3d 1142, 1151–52 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

## DISCUSSION

Mr. Sly requests a fee of $37,112, or $1,325.42 per hour, for 28 hours of work. Pl.'s Br. 1. The Commissioner opposes Mr. Sly's request, arguing that the fee would be a windfall. Gov't Resp. Br. 2-3. The fee is based on a contingency agreement with Plaintiff and is meant to represent 25% of the total past-due benefits owed to Plaintiff and his dependent children from January 2009 through February 2017. Pl.'s Br. 5-6. Although Plaintiff and his dependent children recovered past-due benefits through April 2018, and the fee agreement allows for fees up to 25% of *all* past-due benefits, Mr. Sly waives the right to recover fees on the past-due benefits from March 2017 through April 2018. Pl.'s Br. 5. In addition, despite a pending appeal of deductions from Plaintiff's backpay, Mr. Sly also waives the right to seek additional fees based on any retroactive increase to Plaintiff's past-due benefits. Pl.'s Br. 4; Sly Decl. ¶ 8, ECF No. 27-3.

As an initial matter, Mr. Sly miscalculates Plaintiff's past-due benefits for the period from January 2009 through February 2017. On page five of his brief, Mr. Sly finds that, for the period

in question, Plaintiff received backpay totaling $91,759. The sixth line of his calculation, however, omits the months of January 2015 through November 2015. *Compare* Pl.'s Br. 5 *with* May 14, 2018 Notice of Award 1, ECF No. 27-5. When those months are included, each at a rate of $588, Plaintiff received $98,227 in past-due benefits between January 2009 and February 2017. *See* May 14, 2018 Notice of Award 1. The total past-due benefits received by Plaintiff *and* his dependent children for that period was $154,916. *See* May 14, 2018 Notice of Award 1; Aug. 18, 2018 Notice of Award 1, ECF No. 27-7. Mr. Sly therefore intended to request 25% of $154,916—a fee of $38,729, at a rate of $1,383.17 per hour, for 28 hours of work.

That is a reasonable fee under the circumstances. Mr. Sly ably represented Plaintiff and his two minor children before this Court and achieved favorable results—a stipulated remand and subsequent award of benefits—without undue delay. Mr. Sly did seek, and was granted, one ninety-day extension in which to file Plaintiff's opening brief, but the extension was unopposed, relatively short, and due to the winter holidays and "several minor medical procedures." Pl.'s Mot. for Extension 1-2, ECF No. 13. The only issue disputed by the Commissioner is whether the requested award would produce a windfall for Mr. Sly. *See* Gov't Resp. Br. 2-3. Although the requested fee is at the high end of awards customarily granted in this District, *see, e.g.*, *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *3 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC, 2011 WL 2531174, at *9 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84), it is not unprecedented, *see*, *e.g.*, *Edgar v. Comm'r*, No. 3:14-cv-267-SI, slip op. at 5 (D. Or. June 5, 2018) (approving *de facto* hourly rate of $1,820 for 9.1 hours of work), and the departure is reasonable on this record.

In particular, Mr. Sly has doggedly pursued Plaintiff's claims for more than nine years; he was responsible for the claim of not just Plaintiff, but also those of his two minor dependent

children; he seeks no portion of the past-due benefits which accrued to Plaintiff in the fourteen months following the ALJ's favorable decision; he seeks no portion of the past-due benefits which may retroactively accrue to Plaintiff if his pending appeal is successful; and he represented Plaintiff at three separate ALJ hearings, twice petitioned the Appeals Council (securing remand from one appeal), litigated the instant action in federal court, and continues to represent Plaintiff in his appeal at the agency level. As a percentage of the total past-due benefits paid to Plaintiff and his children thus far ($169,350.50), Mr. Sly will receive just 22.8%—less than the bargained for 25%. Moreover, adding the 2.5 hours Mr. Sly spent replying to the Commissioner in this matter, his effective hourly rate drops to $1,269. The Court finds an award of $38,729, and the corresponding hourly rate of $1,269, to be reasonable on the facts of this case.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED. Mr. Sly is entitled to attorney's fees in the amount of $38,729. The Commissioner is directed to issue Mr. Sly a Section 406(b) check in the amount of $38,729, less any applicable administrative assessment allowed by statute. Upon receipt of the check, Mr. Sly shall refund to Plaintiff the $5,321.68 fee he previously received under the Equal Access to Justice Act, 28 U.S.C. § 2142.

IT IS SO ORDERED.

DATED this 18th day of April, 2019.

/s/Michael J. McShane<br>Michael J. McShane<br>United States District Judge